UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-47-KKC

MARILYN REINSTATLER,                                                                    PLAINTIFF,

V.    **MAGISTRATE JUDGE'S REPORT
         AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                        DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Marilyn Reinstatler, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Disability Insurance Benefits (hereinafter "DIB").  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [Record No. 13] be denied, Defendant Commissioner's motion for summary judgment [Record No. 14] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II.  FACTUAL BACKGROUND

Plaintiff filed her application for DIB on August 19, 2003. [Tr. 18.]  The claim was denied initially and on reconsideration. [Id.]  At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge Ronald T. Jordan (hereinafter "ALJ"), was conducted on March 30, 2006. [Id.]  Plaintiff, accompanied by counsel, testified at the hearing. [Id.]  Vocational expert Tracy H. Young (hereinafter "VE") was present but not asked to testify. [Id.]  On May 4, 2006, the

ALJ found Plaintiff not disabled and thus not entitled to DIB. [Tr. 23.] The Appeals Council declined to review the ALJ's decision [Tr. 5] and Plaintiff now seeks judicial review.

Plaintiff was 59 at the time of the administrative hearing. [Tr. 224.] She has a high school education and has taken some college courses. [Tr. 89.] She previously worked as a medical secretary and transcriber, with that position being terminated by the relocation of her employer and the offering of a severance package. [Tr. 68.] Her alleged onset of disability is November 1, 1997. [Tr. 19.] Plaintiff listed low back pain, arthritis, urinary incontinence and foot pain as the sources of her disability. [Tr. 19-20.]

Plaintiff sought medical treatment in 1999 for chronic low back pain, and testing revealed lumbar disc degeneration with facet hypertrophy and mild disc bulging. [Tr. 20] Initial treatment consisted of medication and steroid injections, and, in June 2001, Plaintiff underwent a spinal fusion procedure. [Id.] In July 2001, the claimant's surgeon, Dr. Brett Ferree, restricted the Plaintiff's bending and lifting, but otherwise noted that she has responded well to the procedure and had good strength in her lower extremities. [Tr. 129-30.] In 2002, Dr. Ferree noted Plaintiff's complaints of some pain, but placed no restrictions on her. [Id.] While the Plaintiff was advised to follow up with Dr. Ferree, she chose not to do so. [Tr. 20.]

Plaintiff was seen by Dr. Rodney W. Roof in 2003 for complaints of foot pain. [Tr. 20, 193-98.] She was diagnosed with plantar fasciitis and, after a period of conservative treatment, underwent right endoscopic plantar fasciotomy in August 2003, after which her condition improved. [Id.]

Plaintiff was seen by her family physician, Dr. Theresa Cardone, in September 2004, complaining of worsening back pain. [Tr. 20.] She was referred to a pain management specialist,

Dr. Kendall E. Mansen, who reported "basically 100% relief" on the part of the patient after performance of radiofrequency denervation treatment. [Tr. 215-17.] Two state agency medical experts also reviewed Plaintiff's medical records, finding that she could perform at least sedentary work. [Tr. 20.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. [Tr. 19.] At the second step, the ALJ found that Plaintiff's medically determinable impairments, degenerative disc disease and plantar fasciitis, were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Tr. 20.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 20-21.] At the fourth step, the ALJ found that, given the Plaintiff's residual functional capacity (hereinafter "RFC"), she was able to perform her past relevant work. See 20 C.F.R. §§ 404.1560(b)(1),

416.960(b)(1). [Tr. 23.] Thus, the ALJ did not reach the remaining steps in the evaluation process, and found her not disabled under the regulations. [Id.]

An RFC evaluation is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11 (6th Cir. Jan. 12, 2001). In this case, the ALJ found the Plaintiff's RFC to be the following:

> the claimant was able (and is able) to lift up to 10 pounds, stand or walk at least 2 hours in an 8 hour workday, sit about 6 hours in an 8 hour workday, occasionally stoop, kneel, crouch, or crawl, perform limited pushing/pulling with her lower extremities (including operation of foot controls), and never climb ladders, ropes or scaffolds. . . Thus, the claimant had the residual functional capacity to perform a substantially full range of sedentary work activity as of December 31, 2003 and has that capacity still today.

[Tr. 21.]

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on Janaury 26, 2007. [Tr. 5.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [Record Nos. 13 & 14] are now ripe for review.

### III. ANALYSIS

A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-

1369 (6th Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion" and is based on the record as a whole, taking into account what evidence fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).  Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B. ALJ's Reliance on Opinions of Non-Treating Physicians

Plaintiff contends that the ALJ did not afford the proper weight to the opinions of two of her treating physicians, Drs. Hansen and Cardone.  The ALJ afforded Dr. Hansen's RFC opinion little weight since it was given prior to the successful treatment via radiofrequency denervation and because it was offered one year after the date upon which the Plaintiff's insured status expired.  [Tr.

5

21, 227-32.] Dr. Cardone's opinion was afforded little weight because, in the ALJ's opinion, her treatment notes did not support the "extreme limitations suggested in her opinion, and they do not show any continued complaints of back pain after the claimant's treatment by Dr. Hansen was completed." [Tr. 22.] The ALJ found that the opinions most consistent with the medical evidence of record were those offered by the state agency medical experts. [Id.]

As noted by the Commissioner, opinions offered by treating physicians as to a claimant's RFC or whether they are disabled are not considered medical opinions. 20 C.F.R. § 404.1527(e). Ultimately, it is the ALJ who makes determinations as to a claimant's RFC and whether they are disabled under the regulatory scheme. See generally 20 C.F.R. § 404.1527. The ALJ properly considered and weighed the somewhat varied opinions offered by several treating physicians and two state agency experts. His opinion is supported by evidence in the record that Plaintiff's claimed disabling conditions have been either successfully treated or their effects minimized to the point that they do not hinder her in performing her past relevant work.

C. ALJ's Consideration of Plaintiff's Complaints of Chronic Pain

Plaintiff contends that the ALJ did not properly evaluate her complaints of pain. [R. 13, at 9.] In considering Plaintiff's claim that her medical conditions and resulting pain precluded her from working, the ALJ stated:

> the extent of pain and limitation alleged by the claimant is simply not supported by the weight of the evidence in the record. While the claimant clearly has a significantly reduced capacity to stand, walk, and lift secondary to her musculoskeletal disorders, the evidence shows that she had the residual functional capacity to perform a range of sedentary work during most of the time under consideration and that the occasions when her back or foot problems increased to a more incapacitating level resolved in less than 12 months.

[Tr. 21.]

As stated above, in order to establish a disability under the facts of the instant case, the claimant must have an impairment of combination of impairments that will last or did last "a continuous period of at least 12 months." 20 C.F.R. § 404.1509. Additionally, the ALJ noted that at least two of her treating physicians, Drs. Hansen and Ferree, stated that treatment had successfully resolved all or most of her symptoms. The ALJ further noted that, once Dr. Ferree decided to not give Plaintiff any exertional restrictions, she stopped seeing him for treatment. Plaintiff also admitted in her Disability Report dated August 16, 2003 that the reason for her leaving her previous employment was because the employer was moving its operations and had offered her a severance package. [Tr. 21.]

### D. ALJ's Determination of Plaintiff's Credibility

As discussed above, the ALJ considered Plaintiff's testimony, finding it "not totally credible." [Tr. 23.] The ALJ supported this decision based on: Plaintiff's stated reason for leaving work (employer moving operations); the evaluations by treating physicians Drs. Hansen and Ferree that treatment had successfully addressed her impairments; and the opinions of the state agency experts, Drs. Mormol and McCloud, who concluded that the Plaintiff could perform a range of sedentary work. The ALJ's findings concerning a claimant's credibility must be supported by substantial evidence. 20 C.F.R. § 404.1529. It is clear, based upon the evidence listed above, that the ALJ's decision to not accept the totality of Plaintiff's testimony is supported by substantial evidence.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at 1368-69. In this case, the ALJ addressed all of the medical records, opinions and objective medical

7

findings available in reaching his conclusion that the Plaintiff was capable of performing her past relevant work, commensurate with her RFC.

The record indicates that claimant's disabilities have all been adequately addressed through treatment and/or medication, and that these determinations are supported by the opinions and objective medical evidence provided by two of Plaintiff's treating physicians. Additionally, the two state agency experts who reviewed the evidence of record concluded that Plaintiff could perform a range of sedentary work that comported with her previous duties as a medical secretary and transcriber. Therefore, substantial evidence exists in the record to support the ALJ's decision finding Plaintiff not disabled thus not entitled to DIB. See O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978); Valey v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). The fact that some of the evidence in the record may support a contrary conclusion, if any exists, is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.

## IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [Record No. 14] be granted; Plaintiff's motion for summary judgment [Record No. 13] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750

(E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed October 26, 2007.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge